**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| TIANLE LI, | : | |
| | : | Civil Action No. 20-14782 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| SARAH DAVIS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**SHIPP, District Judge**

    Petitioner Tianle Li is a state prisoner currently incarcerated at Edna Mahan Correctional Facility in Clinton, New Jersey. She has filed with the Court a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, as well as a Motion for the Appointment of Pro Bono Counsel. (Pet., ECF No. 1; Mot., ECF No. 2.) Petitioner has paid the required $5.00 filing fee. The Court must now screen the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, made applicable to § 2241 cases through Rule 1(b), to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

    Petitioner's § 2241 seeks to challenge the validity of her state court conviction or sentence as imposed. (Pet. 3[1].) She raises several grounds for relief including fabricated evidence, trial court error in admissibility of evidence, and *Brady*[2] violations. (*Id.* at 7–9.) Petitioner submits that she was wrongfully convicted in 2013 of murder, and she requests a reversal of her conviction

---

[1] Page numbers refer to those located on the ECF header.
[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

and sentence and her release from prison. (*Id.* at 3, 9.)

With that background in mind, the Court finds that the Petition is deficient because the Court does not have jurisdiction under § 2241 to hear these claims. "[A] habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–9 (1973)). Section 2241, on the other hand, "authorizes a federal court to issue a writ of habeas corpus to any *pretrial detainee* who is in custody in violation of the Constitution or laws or treaties of the United States." *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (emphasis added). Here, Petitioner is not a pretrial detainee, but a convicted state prisoner. (Pet. 1.) Accordingly, a habeas petition under § 2254 "is the *exclusive* avenue" for her to challenge "the constitutionality of [her] detention." *McKnight*, 27 F. Supp. 3d at 587 (emphasis in original) (quoting Brian R. Means, *Federal Habeas Manual* § 1:34 (May 2013)). Thus, if Petitioner seeks to challenge the fact or duration of her confinement, she must do so by filing a petition for a writ of habeas corpus under § 2254. The Court will provide Petitioner 30 days from the date of this Memorandum and Order to file a § 2254 on the forms provided by the Clerk.

**IT IS THEREFORE** on this ___8th___ day of ___March___, 2021,

**ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that if Petitioner seeks to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, she shall do so within 30 days on the forms provided by the Clerk of the Court;

**ORDERED** that Petitioner's Motion for the Appointment of Pro Bono Counsel (ECF No. 2) is terminated in light of the dismissal of her Petition; if Petitioner chooses to file a § 2254 petition, she may re-file her motion for the appointment of counsel;

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case until such time as the Court receives Petitioner's submission; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order, as well as a copy of AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014) to Petitioner via regular U.S. mail.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**